COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-05-141-CV

 

IN THE INTEREST OF S.A.C., A CHILD                                                    

                                                    

                                              ------------

 

            FROM
THE 158TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Christina M.
appeals the trial court=s order
terminating her parental rights in her child, S.A.C.  In five points, Christina asserts that the
trial court lacked jurisdiction to render the termination order, that the trial
court abused its discretion by determining that Christina=s appeal is frivolous because her challenge to the factual sufficiency
of the evidence presents an arguable basis for the appeal, and that her trial
counsel was ineffective.[2]  We affirm.








In her first point, appellant
contends that the trial court was without jurisdiction to render the
termination order because the order was not filed by the mandatory dismissal
date set forth in family code section 263.401.[3]  Section 263.401 provides that, by the first
Monday following the first anniversary of the date the trial court appointed
the Department[4]
as temporary managing conservator of a child in a termination proceeding, the
court must either render a final order in the suit or grant up to a 180-day
extension of the case.[5]  If the trial court does not do either of
these things by the first Monday, the court must dismiss the suit.[6]








In this case, the termination
suit was filed on October 3, 2003.  On
July 23 and September 30, 2004, the trial court entered orders (1) finding that
S.A.C. continued to need substitute care with the Department because neither
Christina nor the child=s father had
demonstrated adequate or appropriate compliance with their service plans, (2)
finding that appointment of the Department as S.A.C.=s temporary managing conservator continued to be in the child=s best interest, and (3) extending the dismissal deadline until April
2, 2005.[7]  April 2, 2005 was not more than 180 days
following the first Monday after October 3, 2004.  The trial court rendered its order of
termination on March 24, 2005. 
Therefore, the trial court=s orders, including its termination order, complied with section
263.401, and the trial court did not lose jurisdiction over the case.  We overrule Christina=s first point.

In her second point,
Christina contends that her appeal is not frivolous because the evidence is
factually insufficient to support the trial court=s termination order.  In her
fifth point, she contends that the trial court abused its discretion by
determining that an appeal based on her factual sufficiency complaint is
frivolous because there is no evidence to support this determination.








An appeal is frivolous if it
does not present a substantial question for appellate review.[8]  We review a trial court=s determination that an appeal is frivolous for an abuse of
discretion.[9]  Termination is proper if the record
establishes by clear and convincing evidence one or more of the grounds for
termination enumerated in family code 161.001(1) and that termination is in the
child=s best interest.[10]  Clear and convincing evidence is defined as Athe measure or degree of proof that will produce in the mind of the
trier of fact a firm belief or conviction as to the truth of the allegations
sought to be established.@[11]

In its termination order, the
trial court found that there is clear and convincing evidence to support
termination on the following grounds:

$That
Christina knowingly placed or allowed S.A.C. to remain in conditions or
surroundings that endangered her physical or emotional well-being;

 

$That
Christina engaged in conduct or knowingly placed S.A.C. with persons who
engaged in conduct that endangered her physical or emotional well-being;

 

$That
Christina failed to support S.A.C. in accordance with her ability during a
period of one year ending within six months of the date of filing the petition
for termination; and

 

$That
Christina failed to comply with the provisions of a court order that
specifically established the actions necessary for her to obtain S.A.C.=s return from the Department=s conservatorship.[12]









In her motion for new trial,
Christina raised a general challenge to the factual sufficiency of the evidence
to support these findings.[13]  In her appellate brief, she contends that
factual sufficiency is an Aarguable basis for appealing this case@ because, at the hearing on her motion for new trial, the trial court
stated, AYou have done a wonderful job and beat the drugs,@ and the State agreed. 








This argument quotes the
trial court=s statement
out of context.[14]  Further, the record contains clear and
convincing evidence that Christina failed to comply with her court-ordered
service plan by not attending counseling regularly, not maintaining regular
employment so that she could provide for S.A.C.=s needs, failing to pay child support,[15]
and failing to attend numerous Narcotics Anonymous meetings. 

This evidence is sufficient
to produce in the mind of the trier of fact a firm belief or conviction as to
the truth of the allegation that Christina failed to comply with the provisions
of a court order that established the actions necessary for her to obtain
S.A.C.=s return from the Department=s conservatorship.[16]  Accordingly, the evidence is factually
sufficient to establish this ground for termination by clear and convincing
evidence and to support the trial court=s termination order.[17]  Therefore, the trial court did not abuse its
discretion by concluding that Christina=s factual sufficiency ground is frivolous because it does not present
a substantial question for appellate review.[18]  We overrule Christina=s second and fifth points.








In her third point, Christina
contends that her trial counsel was ineffective for failing to obtain a ruling
on her special exceptions to the petition for termination and by failing to Aexercise diligence@ regarding Christina=s request for a court-appointed psychologist. 

To establish ineffective
assistance of counsel in a parental rights termination case, the appellant must
show by a preponderance of the evidence that her counsel=s representation fell below the standard of prevailing professional
norms and that there is a reasonable probability that, but for counsel=s deficiency, the result of the proceeding would have been different.[19]  As an appellate court, we must indulge in the
Astrong presumption that counsel=s conduct falls within the wide range of reasonable professional
assistance.@[20]

Apart from her assertion that
A[n]o legitimate trial strategy@ would cause the alleged failures of which she complains, Christina
makes no attempt to explain how trial counsel was ineffective or how the result
of the termination proceeding would have been different but for trial counsel=s alleged inaction. 
Accordingly, we must presume that counsel=s representation of Christina fell within the wide range of reasonable
professional assistance.  We overrule her
third point.








Having disposed of all of
Christina=s points, we
affirm the trial court=s
termination order.

 

PER CURIAM

PANEL F:    CAYCE,
C.J.; HOLMAN and GARDNER, JJ.

DELIVERED: August 3, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]In
her fourth point, Christina complains that section 13.003(b) of the civil
practice and remedies code is unconstitutional as applied to her because it
prevents her from obtaining a complete record on appeal.  Tex.
Civ. Prac. & Rem. Code Ann. ' 13.003(a)B(b)
(Vernon 2002) (providing that an indigent appellant is entitled to a free
reporter=s
record on appeal only if the trial court finds that the appeal is not
frivolous).  This complaint is moot
because, pursuant to our order of April 20, 2006, the court reporter has
prepared and filed a reporter=s record containing all of
the evidence admitted at the trial on termination.





[3]Tex. Fam. Code Ann. '
263.401(a)-(b) (Vernon Supp. 2005).





[4]The
Texas Department of Family and Protective Services.





[5]Id.





[6]Id.





[7]See
id. '
263.401(b) (listing required trial court findings).





[8]In re
M.R.J.M., 193 S.W.3d 670, 672 (Tex. App.CFort
Worth 2006, order).





[9]Id. at
673.





[10]Tex. Fam. Code Ann. '
161.001 (Vernon Supp. 2005); In re J.L., 163 S.W.3d 79, 84 (Tex. 2005).





[11]Tex. Fam. Code Ann. '
101.007 (Vernon 2002).





[12]See
id. '
161.001(D)B(F),
(O).  The trial court also found that
termination was in S.A.C.=s
best interest, but Christina does not challenge that finding on appeal.





[13]See id.
'
263.405(b) (providing that party=s statement of points on
appeal may be contained in motion for new trial).  Section 263.405(i), which provides that a
general factual sufficiency complaint is not sufficiently specific to preserve
a complaint for appellate review in a termination case, does not apply to this
case because it was not enacted until after this appeal was filed.  Id. '
263.405(i).





[14]The
context of the trial court=s statement is as follows:

 

Ma=am,
you=d
feel better about yourself if you got a job. 
You need to work.  You just can=t lay
around the house all day.  You have done
a wonderful job and beat the drugs, but you just can=t lay
around all day.  You have got to amount
to something.  You=ll
feel better about yourself if you=d go out and get a job. 

 

The State acknowledged that Christina had Akicked
her drug problem,@ but
argued that she Astill
has other issues in her life, which is not working, she=s still
sleeping till noon, she is not doing what it takes.@ 





[15]Christina
denied not paying any child support and testified that she made Amaybe
four payments.@  But child support records from the Texas
Attorney General=s
Office show that Christina did not make any payments. 





[16]Tex. Fam. Code Ann. ''
101.007, 161.001(1)(O).





[17]J.L., 163
S.W.3d at 84.





[18]M.R.J.M.,193
S.W.3d at 672-73.





[19]In re
M.S., 115 S.W.3d 534, 549-50 (Tex. 2003) (citing Strickland v.
Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)).





[20]Id. at
549 (quoting Strickland, 466 U.S. at 689, 104 S. Ct. at 2065).